USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nelson Pinero,

           Plaintiff,

    –v–

Officer Pierre Burbran, *et al.*,

           Defendants.

18-cv-4698 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff brings a claim under § 1983 against four NYPD Officers for excessive force in violation of his Fourth Amendment rights. Defendants filed a motion for summary judgment. For the reasons that follow, that motion is GRANTED.

**I.    BACKGROUND**

    On March 18, 2018, Defendant Officers Pierre Burbran and Michael Brenner of the New York City Police Department responded to a 911 call around 7:00 P.M. regarding an automobile accident on 80 Ridge Street in the borough of Manhattan. Dkt. No. 58 ¶ 1. When they arrived at the scene, the caller informed them that a truck had collided into his parked vehicle and at least one other vehicle before fleeing the scene. *Id.* ¶ 2. The individual helped the officers canvass the area and identified Plaintiff Nelson Pinero's parked truck as the one that hit his vehicle. *Id.* ¶¶ 4-5.

    At some point after the officers arrived, Plaintiff exited his vehicle. Officers Burbran and Brenner, with the assistance of Defendant Officers Joel Espinosa and Gene Ruda, attempted to handcuff Plaintiff. *Id.* ¶¶ 7-8. It is undisputed that Plaintiff resisted arrest by refusing to put his

1

arms behind his back, and that Officer Burbran struck Plaintiff with this right hand while Plaintiff was resisting. *Id.* ¶¶ 8, 11. As discussed below, the parties do dispute various other aspects of that encounter. A bystander at the scene recorded a video of a large portion of the arrest. Dkt. No. 53-6.

Eventually, Plaintiff ceased resisting and was handcuffed and arrested by the officers. *Id.* ¶ 21. Plaintiff later pled guilty to (1) assault with intent to prevent a police officer from performing a lawful duty and causing physical injury to such officer in violation of N.Y. Penal Law § 120.05(3), (2) resisting arrest in violation of N.Y. Penal Law § 205.30, and (3) operating a motor vehicle while intoxicated in violation of N.Y. Vehicle and Traffic Law § 1192(3). *Id.* ¶ 24.

In Plaintiff's Amended Complaint, which is the operative complaint in this action, he brings claims against all four officers for violating his federal constitutional rights under 42 U.S.C. § 1983. Dkt. No. 30. Defendants filed an answer denying most allegations in the complaint and subsequently submitted a motion for summary judgment. Dkt. Nos. 41, 52. That motion is now fully briefed. *See* Dkt. Nos. 59, 63.

## II.  LEGAL STANDARD

Summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[I]n making that determination, the court is to draw all factual inferences in favor of the

party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the motion." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In seeking summary judgment, the initial "burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223 (2d Cir. 1994). If the movant "demonstrates 'the absence of a genuine issue of material fact,' the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact" to survive summary judgment. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citation omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). However, the Court is not required to adopt a "version of events [] so utterly discredited by the record that no reasonable jury could have believed" it. *Scott*, 550 U.S. at 380. And it is well-settled in this Circuit that a party cannot "defeat[] summary judgment simply by submitting an affidavit that contradicts the party's previous sworn testimony." *Moll v. Telesector Res. Grp., Inc*., 760 F.3d 198, 205 (2d Cir. 2014).

## III.    DISCUSSION

Before the Court is Defendants' motion for summary judgment. In Plaintiff's response to the motion, he clarifies that the only claim that he is asserting is one for excessive force in violation of the Fourth Amendment against Officer Burbran and "concedes all other claims as against Officer Burbran and the remaining defendants." Dkt. No. 59 at 1. Plaintiff's abandoned

claims are therefore dismissed.  As to Plaintiff's remaining claim, Defendants argue that Officer Burbran is entitled to qualified immunity and, in the alternative, that the force used against Plaintiff was not unreasonable under the Fourth Amendment.

### A. Material Facts Not in Dispute

The facts material to Plaintiffs' excessive force claim are not genuinely in dispute.  The parties agree that Officer Burbran struck Plaintiff at least once, as shown in the video Defendants submitted as evidence in support of their motion.  In the moments immediately preceding that punch, Plaintiff concedes he was actively resisting arrest by four officers.  The record is also clear that Plaintiff was grabbing on to Officer Burbran's uniform near the collar at the time.  While Plaintiff denies that he was holding onto Officer Burbran's uniform, no reasonable juror could believe that version of the events. "A court may determine that there is no genuine dispute as to certain facts when one party's version of the facts is 'blatantly contradicted' by video evidence." *Heicklen v. Toala,* No. 08 CIV. 2457(JGK), 2010 WL 565426, at *2 (S.D.N.Y. Feb. 18, 2010), *aff'd sub nom. Heicklen v. Kelly*, 409 F. App'x 457 (2d Cir. 2011) (citing *Scott*, 550 U.S. at 380).   The video evidence shows unequivocally that Plaintiff's bare arm, which is clearly identifiable because all four officers are wearing long-sleeve shirts, was up against Officer Burbran's chest with his fist clenching his uniform just below the collar. Dkt. No. 53-6 at 00:02.

Additionally, while Defendants claim that Officer Burbran only struck Plaintiff once, the video evidence clearly shows that Officer Burbran, who is in the midst of the struggle with Plaintiff, delivers two quick punches in succession:  one less forceful with his left hand and then one more forceful one with his right. Dkt. No. 53-6 at 00:07-00:09.  Plaintiff then begins to cease his resistance and approximately ten seconds later, the officers are able to handcuff him.  It

4

is undisputed that Officer Burbran did not strike Plaintiff again after the initial one-two strike. Dkt. No. 58 ¶ 15.  It is further undisputed that medical personnel who evaluated Plaintiff after the arrest did not identify any injuries, and that there were no visible injuries to his face in his mugshot.  Dkt. No. 53-9, 53-10.

In addition to the strikes caught on camera, Plaintiff also claims that he was struck by Officer Burbran when he first exited his vehicle before the video started recording, and that he was not resisting arrest at that time.  The Court holds, however, that there is no genuine dispute in the record as to whether this off-camera strike occurred.  Plaintiff has the burden to "come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser* Co., 536 F.3d 140, 145 (2d Cir. 2008). Plaintiff points to two sources of evidence in support of the off-camera punch, but the Court must disregard both.

First, Plaintiff submitted an affidavit testifying that Officer Burbran struck him when he first exited his vehicle and prior to any physical resistance.  Dkt. No. 57-1 ¶ 8.  But Plaintiff stated unequivocally to the contrary in his deposition that "all" of the punches he received were caught on the video and that they delivered consecutively within a "matter of seconds." Dkt. No. 53-8, Tr. 45:1-18.  "[F]actual issues that a party creates by filing an affidavit crafted to oppose a summary judgment motion that contradicts that party's prior testimony are not 'genuine' issues for trial." *Moll*, 760 F.3d at 205.  Because Plaintiff's statements in the affidavit regarding a purported off-camera punch are in "direct conflict with [Plaintiff's] earlier discovery responses, and are not supported by other evidence," the Court will "disregard[] those assertions."  *Shantou Real Lingerie Mfg. Co. v. Native Grp. Int'l, Ltd.*, 401 F. Supp. 3d 433, 438 (S.D.N.Y. 2018).

5

Second, Plaintiff argues that the video evidence submitted by Defendants "tends to show" that Plaintiff was struck prior to the recording of the video because a woman's voice is heard shouting "don't hit him" repeatedly prior to Officer Burbran striking him.  Dkt. No. 53-6 at 00:01-00:04.  These statements, which were made by a non-party outside of Court and are being offered for the truth of the matter asserted, are likely hearsay.  *See* Fed. R. Ev. 801(c).  A party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment . . . absent a showing that admissible evidence will be available at trial."  *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985).  Plaintiff, as the proponent of this evidence, "bears the burden of showing that the evidence is admissible." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 470 (S.D.N.Y. 2008) (citing *Patterson v. County of Oneida*, N.Y., 375 F.3d 206, 219-220, 222 (2d Cir. 2004)).  Plaintiff has not addressed the admissibility of the woman's statements nor suggested that any hearsay exceptions apply.  Plaintiff therefore has not met his burden of producing admissible evidence to create a genuine dispute of material fact.  *Accord Pal v. Cipolla,* No. 3:18CV616 (MPS), 2020 WL 6866699, at *2 (D. Conn. Nov. 23, 2020) (Because Plaintiff "has not suggested any exception to the rule against hearsay that would permit" the admission of these statements, the Court will not consider them "in ruling on the motion for summary judgment.").

Even if this evidence were admissible, a recording of a woman saying "Don't hit him" does not alone create a genuine dispute of material fact that the officer had previously hit the Plaintiff prior to the start of the video.

The Court therefore concludes that there is no genuine dispute of material fact that the only instances where Officer Burbran struck Plaintiff were the two quick strikes caught on video, and that Plaintiff was actively resisting arrest and holding onto Officer Burbran at the time.

6

### B. Excessive Force

A claim for excessive force "in the context of an arrest or investigatory stop of a free citizen" is "most properly characterized as one invoking the protections of the Fourth Amendment[.]" *Graham v. Connor*, 490 U.S. 386, 394 (1989). Under the Fourth Amendment, force is excessive if it constitutes an "unreasonable seizure[] of the person," *id.*, meaning "a government officer may not . . . employ[] a degree of force beyond that which is warranted by the objective circumstances of an arrest." *Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019). In assessing the reasonableness of the force used, Courts are to consider several non-exclusive factors such as: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Id.* (cleaned up). The Court must pay "careful attention to the facts and circumstances of each particular case" and view the reasonableness of the officer's actions "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

In light of the undisputed material facts described above, no reasonable jury could conclude that the force Officer Burbran used was excessive. Plaintiff's active resistance of arrest and his physical hold on Officer Burbran's uniform posed the immediate threat that Plaintiff would be able to overpower the officers or grab one of their weapons. Under these circumstances, it was objectively reasonable for Officer Burbran to use physical force in order to free himself from Plaintiff's grasp and effectuate the arrest of Plaintiff, especially considering that the officers' level of force up until that point had been unsuccessful in subduing him and neutralizing the threat. *See Husbands ex rel. Forde v. City of New York*, 335 F. App'x 124, 128 (2d Cir. 2009) (summary order) (a punch to the torso of a suspect who was actively resisting the

application of handcuffs was not excessive as a matter of law); *MacLeod v. Town of Brattleboro*, 548 F. App'x 6, 8 (2d Cir. 2013) (using "a Taser, once, to subdue an actively non-compliant suspect" who "posed a real and imminent threat to the safety of the officers" was not excessive as a matter of law); *Tracy v. Freshwater*, 623 F.3d 90, 97 (2d Cir. 2010) (an officer striking the suspect with a flashlight to "protect himself and subdue an arrestee he perceived to be actively resisting" was not excessive as a matter of law).

Further, it cannot genuinely be disputed that the amount of force used was no more than necessary. Officer Burbran delivered the two strikes quickly and then, once Plaintiff began to cease resisting, refrained from striking him again. *Cf. Dunham v. City of New York,* No. 11-CV-01223 (ALC), 2021 WL 918373, at *7 (S.D.N.Y. Mar. 10, 2021) (denying summary judgment for officers where the "'officers gratuitously inflicted pain in a manner that was not a reasonable response to the circumstances' once Plaintiff was no longer resisting arrest." (citation omitted)). And the undisputed record shows that the strikes were not hard enough to cause injuries that were sufficiently severe to alert the medical professionals who tended to Plaintiff following the arrest or that were visible in Plaintiff's mugshot. To be sure, Plaintiff claims that because Plaintiff had a metal plate implant in his jaw from a previous injury, Officer Burbran's strikes caused serious dental and facial injuries. But even assuming that fact was true, no reasonable juror could find that it rendered the force excessive. Plaintiff admits that because his "jaw was fragile at the time of the incident" he "likely suffered much more pain as a result of being struck . . . than would normally be associated with getting punched in the face." Dkt. No. 58 ¶ 16. But Officer Burbran's use of force must be evaluated under a standard of "objective reasonableness." *Tracy*, 623 F.3d at 96. Therefore, the fact that Plaintiff, unbeknownst to the officers on the

scene, was especially more vulnerable to a strike than the average person does not make Officer Burbran's decision to strike him unreasonable.

In sum, the amount of force that Officer Burbran used was not more than that "warranted by the objective circumstances of [the] arrest." *Cugini*, 941 F.3d at 612.   As such, the Court concludes as a matter of law that the force used was not excessive.

## IV.   CONCLUSION

For the reasons discussed above, Defendants' motion for summary judgment is GRANTED. This resolves Dkt. No. 52.  The Clerk of Court is respectfully directed to enter judgment in Defendants' favor and to close this case.

SO ORDERED.

Dated: September 16, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge

9